**No. 15-6176**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

◆

**MICHAEL L. CALLOWAY**,
*Plaintiff-Appellant,*

*and*

**MICHAEL L. AND LILLIE E. CALLOWAY REVOCABLE TRUST, et al.,**
*Plaintiffs,*

**v.**

**BANK OF AMERICA CORPORATION, et al.,**
*Defendants-Appellees.*

◆

On Appeal from the United States District Court
for the Western District of Oklahoma
The Honorable Judge Vicki Miles-LaGrange
Case No. 5:15-cv-00068-M

◆

### BRIEF FOR APPELLEES

◆

Marc James Ayers
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521-8598
mayers@babc.com
*Counsel for Appellees*

Edmund S. Sauer
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 32703
(615) 252-2374
esauer@babc.com
*Counsel for Appellees*

Oral Argument Not Requested

## CORPORATE DISCLOSURE STATEMENT

Bank of America, N.A. is 100% owned by BANA Holding Corp., which is 100% owned by BAC North America Holding Company.  BAC North America Holding Company is 100% owned by NB Holdings Corp., which is in turn 100% owned by Bank of America Corporation, whose shares are publicly traded.  No public company has an ownership interest of 10% or more in Bank of America, N.A.

Bank of America Corporation does not have any parent corporations and no publicly held company has an ownership interest of 10% or more in Bank of America Corporation.

BofA Merrill Lynch Assets Holdings, Inc., is 100% owned by Merrill Lynch Mortgage Capital, Inc., which is 100% owned by Merrill Lynch Credit Products, LLC.  Merrill Lynch Credit Products, LLC is 100% owned by Merrill Lynch Diversified Investments, LLC, which is 100% owned by Merrill Lynch International Incorporated.  Merrill Lynch International Incorporated is 100% owned by NB Holdings Corporation, which is 100% owned by Bank of America Corporation.  No public company has an ownership interest of 10% or more in BofA Merrill Lynch Assets Holdings, Inc.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................ i

TABLE OF AUTHORITIES ................................................................... iv

STATEMENT OF RELATED CASES ................................................. vi

JURISDICTIONAL STATEMENT ...........................................................1

STATEMENT OF THE ISSUES.................................................................2

STATEMENT OF THE CASE...................................................................3

STANDARD OF REVIEW ......................................................................5

SUMMARY OF THE ARGUMENT .........................................................6

ARGUMENT .........................................................................................7

I.    The District Court Had Jurisdiction to Dismiss the Calloways'
      Repackaged Claims. .....................................................................7

      A.    Original Diversity Jurisdiction Exists Because the Parties Are
            Completely Diverse and the Value of the Contested Property
            Exceeds $75,000. ................................................................7

      B.    Defendants' Timely Removal Established Jurisdiction in the
            District Court. ....................................................................8

II.   The District Court Properly Granted Defendants' Motion to Dismiss
      Because the Oklahoma State Courts Already Decided the Issues
      Repackaged in the Quiet-Title Action...........................................10

      A.    Oklahoma Preclusion Law Prevents the Calloways from
            Relitigating Issues that Were or Could Have Been Addressed in
            the Foreclosure Action.......................................................10

      B.    The Material Issues in the Quiet-Title Claim Had Been Raised and
            Rejected in the Earlier Foreclosure Action...........................10

      C.    The Prior Foreclosure Judgment Required the District Court to
            Dismiss the Calloways' Repackaged Claims. ......................12

III.    The District Court Exercised Proper Discretion In Denying the Calloways' Post-judgment Motions ................................................................12

CONCLUSION ................................................................................................14

CERTIFICATE OF COMPLIANCE.....................................................................16

CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS ................................................................................................17

CERTIFICATE OF SERVICE .............................................................................17

# TABLE OF AUTHORITIES

## Cases

*Alvarado v. KOB-TV, L.L.C.*,
    493 F.3d 1210 (10th Cir. 2007) .......................................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................5

*Dutcher v. Matheson*,
    733 F.3d 980 (10th Cir. 2013) .........................................................7

*Grynberg v. Kinder Morgan Energy Partners*,
    805 F.3d 901 (10th Cir. 2015) .........................................................7

*Huffman v. Saul Holdings Ltd. P'ship*,
    194 F.3d 1072 (10th Cir. 1999) .......................................................9

*Marrese v. Am. Acad. Orthopaedic Surgeons*,
    470 U.S. 373 (1985).......................................................................10

*Okla. Dep't Pub. Safety v. McCrady*,
    176 P.3d 1194 (Okla. 2007)...........................................................10

*Salzer v. SSM Health Care of Okla., Inc.*,
    762 F.3d 1130 (10th Cir. 2014) .......................................................9

*Sanchez v. Taylor*,
    377 F.2d 733 (10th Cir. 1967) .........................................................8

*Servants of the Paraclete v. Does I-XVI*,
    204 F.3d 1005 (10th Cir. 2000) ..................................................5, 13

*Teigen v. Renfrow*,
    511 F.3d 1072 (10th Cir. 2007) .......................................................5

## Statutes

28 U.S.C. § 1291 ...................................................................................1

28 U.S.C. § 1332..............................................................................1, 2, 7

28 U.S.C. § 1441 ...................................................................................1, 2, 9

28 U.S.C. § 1446 ...................................................................................1, 2, 9

**Rules**

Tenth Circuit Rule 28.2(B) ............................................................................1

Federal Rule of Civil Procedure 12(b)(6) ...................................................5

## STATEMENT OF RELATED CASES

The only prior case related to this appeal was the state court foreclosure action in the District Court of Oklahoma County, Oklahoma. *Bank of America, N.A. v. Michael L. Calloway*, No. CJ-2010-7513 (Dist. Ct. Okla. Cnty. Apr. 16, 2013). That case was not appealed. The docket sheet and selected filings from that case are part of the record on appeal. *See, e.g.*, Docket Sheet, DE 6-3. [1]

---

[1] Pursuant to Tenth Circuit Rule 28.1(B), record citations in this brief identify documents by name and by district court docket entry number using the page numbers established by the district court document management system.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction of this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  The district court's judgment became final on September 9, 2015.  Judgment, DE 18; Order Denying Mot. Reconsider, DE 27.[2]  The notice of appeal was timely filed on September 16, 2015.  Notice of Appeal, DE 29.  This Court therefore has jurisdiction under 28 U.S.C. § 1291.

---

[2]     Pursuant to Tenth Circuit Rule 28.2(B), the relevant district court orders are attached as Exhibits 1 and 2 to the electronically filed version of this brief and bound at the end of the printed brief.

## STATEMENT OF THE ISSUES

This is quiet-title action filed by two defaulting borrowers challenging a state-court foreclosure judgment.   The issues presented are:

1.    Whether the district court had diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446 to resolve this action between fully diverse parties regarding property worth more than $75,000.

2.    Whether the district court correctly dismissed the borrowers' quiet-title claims based on claim and issue preclusion because the claims were litigated and rejected in the state court foreclosure action.

3.    Whether the district court acted within its discretion in denying the borrowers' motion for reconsideration.

## STATEMENT OF THE CASE

Michael L. Calloway and Lillie E. Calloway defaulted on a $350,000 mortgage loan secured by real property located at 19445 Sportman Road, Edmond, Oklahoma. Foreclosure Judgment, DE 6-4, at 4–5; *see* Note, DE 6-1; Mortgage, DE 6-2. Bank of America, N.A. ("BANA") initiated foreclosure proceedings against the Calloways, individually and as trustees of the Michael L. Calloway and Lillie E. Calloway Trust, in the District Court of Oklahoma County. Foreclosure Action Docket Sheet, DE 6-3. The Calloways defended that action by arguing that the note and mortgage were invalid and that BANA lacked standing to foreclose. *See* Mot. Reconsider, DE 6-5, at 2–3; Foreclosure Action Docket Sheet, DE 6-3.

The state court rejected the Calloways' arguments and entered a foreclosure judgment in BANA's favor on April 12, 2013. Foreclosure Judgment, DE 6-4, at 4–5. The Calloways filed many unsuccessful motions challenging the foreclosure judgment in state court. *See, e.g.*, Order on Dec. 4, 2014, Hr'g., DE 6-9, at 1–4. BANA ultimately purchased the property at a foreclosure sale conducted in September of 2014, which the state court confirmed on December 4, 2014. Order Confirming Sale, DE 6-11.

Eight days later, the Calloways filed this action to quiet title in the District Court of Oklahoma County, naming Bank of America Corporation, Bank of America, N.A., and BofA Merrill Lynch Assets Holdings, Inc., as defendants.

3

Compl. Quiet Title, DE 1-3.  The complaint asserted that BANA lacked standing to bring the foreclosure action and that the note and mortgage were invalid because they had been canceled and not reinstated.  Compl. Quiet Title, DE 1-3, at 4. Defendants removed the action to the United States District Court for the Western District of Oklahoma on January 21, 2015.  Notice Removal, DE 1.

The district court dismissed the Calloways' quiet-title action on June 15, 2015. Judgment, DE 18, at 4.  The court found "that both the issue of standing and the alleged cancellation of the note and mortgage were raised and adjudicated in the Foreclosure action."  Order, DE 17, at 3.  Consequently, the court held "that the claims and issues raised in [the complaint] are barred under the principles of claim and issue preclusion."  Order, DE 17, at 4.  Because the foreclosure judgment's preclusive effect barred the Calloways' repackaged claims, the district court dismissed the action.  Order, DE 17, at 4.

After the district court considered and denied a series of post-judgment motions, the Calloways appealed.  Notice Appeal, DE 29.

## STANDARD OF REVIEW

"This Court reviews de novo [a] district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), applying the same legal standard applicable in the district court." *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).  A motion to dismiss should be granted or affirmed unless the Court finds "plausibility in the complaint."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Unless the facts pleaded "state a claim to relief that is plausible on its face," the case should be dismissed.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).

The Court reviews post-judgment motions to reconsider under an abuse-of-discretion standard.  *Servants of the Paraclete v. Does I-XVI*, 204 F.3d 1005, 1009, 1012 (10th Cir. 2000).

## SUMMARY OF THE ARGUMENT

The district court had diversity jurisdiction of this quiet-title action. The parties are completely diverse, and the value of the property at issue is greater than $75,000. Additionally, Defendants complied with the filing requirements for removing a diverse action from state court. The district court thus had jurisdiction over the action.

Having properly assumed jurisdiction, the district court correctly dismissed the Calloways' quiet-title claims. This quiet-title action presented the same questions that had been decided in the state foreclosure case—*i.e.*, whether the note and mortgage were valid and whether BANA had standing to foreclose. The state court judgment had already resolved both of those issues in Defendants' favor, and therefore precluded the Calloways from relitigating them in this action. Consequently, the district court correctly granted Defendants' motion to dismiss.

Finally, the district court did not abuse its discretion in denying the Calloways' post-judgment motions seeking reconsideration of the judgment. The post-judgment motions simply reasserted the same arguments that the district court had previously rejected in granting Defendants' motion to dismiss. This Court should therefore affirm the district court's judgment in all respects.

## ARGUMENT

The Calloways challenge the district court's jurisdiction, its grant of Defendants' motion to dismiss, and its post-judgment rulings declining to reconsider that dismissal.  Calloways' Br. at 23, 32, 39.  As explained below, none of these arguments has merit.  Accordingly, this Court should affirm the district court's judgment in its entirety.

## I. The District Court Had Jurisdiction to Dismiss the Calloways' Repackaged Claims.

The Calloways first argue that the district court lacked jurisdiction to consider this case.  *See, e.g.*, Calloways' Br. at 24.  The district court, however, properly exercised diversity jurisdiction after Defendants' removed the case from Oklahoma state court.

### A. Original Diversity Jurisdiction Exists Because the Parties Are Completely Diverse and the Value of the Contested Property Exceeds $75,000.

Title 28 U.S.C. § 1332 gives district courts diversity jurisdiction.  "In order to invoke diversity jurisdiction, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (internal quotation omitted).

Here, the plaintiffs and the defendants are completely diverse because "no plaintiff [is] a citizen of the same state as any defendant."  *Grynberg v. Kinder*

*Morgan Energy Partners*, 805 F.3d 901, 905 (10th Cir. 2015). The Calloways are residents—and for the purposes of diversity jurisdiction, citizens—of Oklahoma. Notice Removal, DE 1, at 6. BANA is a national banking association with its principle place of business in North Carolina. Notice Removal, DE 1, at 6–7. The other named defendants are Delaware corporations with their principal places of business in North Carolina and New York. Notice Removal, DE 1, at 7. Defendants are therefore citizens of Delaware, New York, and North Carolina, and complete diversity exists between them and the Oklahoma plaintiffs.

Additionally, the amount in controversy exceeds the jurisdictional threshold. In the context of a suit brought to quiet title, this Court has held that the amount in controversy is "the value of the realty directly affected." *Sanchez v. Taylor*, 377 F.2d 733, 736 (10th Cir. 1967). The property directly affected by the Calloways' quiet-title suit was appraised for more than $400,000. Notice Removal, DE 1, at 6. This satisfied the remaining requirement as to the amount in controversy and demonstrated that the federal district court properly exercised original jurisdiction over the case.

**B.    Defendants' Timely Removal Established Jurisdiction in the District Court.**

Defendants also complied with the statutory requirements to remove the quiet-title action from state court to the district court. "A defendant may remove a civil action initially brought in state court if the federal district court could have exercised

8

original jurisdiction." *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). If the initial complaint indicates that the case is removable, a notice of removal is effective if filed "'within thirty days after the receipt . . . of the initial pleading setting for the claim for relief.'" *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting 28 U.S.C. § 1446(b)). Regardless of when a defendant is served, "[a] case may not be removed . . . on the basis of [diversity jurisdiction] more than 1 year after the commencement of the action." 28 U.S.C. § 1446(c). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Here, the Calloways filed their original complaint on December 12, 2014, and served BANA ten days later on December 22, 2014. Notice Removal, DE 1, at 2–3. Defendants filed their notice of removal exactly thirty days later on January 21, 2015. Notice Removal, DE 1, at 3. All named defendants joined in the notice of removal. Notice Removal, DE 1, at 1. The notice of removal thus satisfied the statutory requirements and secured jurisdiction in the district court.

In sum, the district court had jurisdiction over this case because the completely diverse parties were litigating over real property valued at more than $75,000 and the removing defendants satisfied the timing and consent requirements of the removal statutes.

**II.    The District Court Properly Granted Defendants' Motion to Dismiss Because the Oklahoma State Courts Already Decided the Issues Repackaged in the Quiet-Title Action.**

The Calloways next argue that the district court erroneously dismissed their quiet-title action.  The quiet-title action, however, presented the same substantive arguments that had been decided in BANA's favor in the state foreclosure action. Accordingly, the district court was correct to hold that the Calloways were precluded from reasserting the same rejected arguments.

**A.    Oklahoma Preclusion Law Prevents the Calloways from Relitigating Issues that Were or Could Have Been Addressed in the Foreclosure Action.**

Federal courts "refer to the preclusion law of the State in which judgment was rendered" to determine a prior judgment's preclusive effects.  *Marrese v. Am. Acad. Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).  Under Oklahoma law, "once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim." *Okla. Dep't Pub. Safety v. McCrady*, 176 P.3d 1194, 1199 (Okla. 2007).  The final determination of "a material issue" in one case binds the parties in any future litigation over that issue.  *Id.*

**B.    The Material Issues in the Quiet-Title Claim Had Been Raised and Rejected in the Earlier Foreclosure Action.**

As the district court explained, the Calloways' quiet-title complaint repackaged issues that "were raised and adjudicated in the Foreclosure Action."

Order, DE 17, at 3.  The Calloways disputed BANA's standing to foreclose on the property.  Compl. Quiet Title, DE 1-3, at 4.  They also reasserted—again without support—that the note and mortgage involved in the foreclosure were invalid and unenforceable by BANA.  Compl. Quiet Title, DE 1-3, at 4.

The state court expressly resolved these issues against the Calloways when it entered the foreclosure judgment.   Specifically, the District Court of Oklahoma County found

> that the original mortgagors, Michael L. Calloway, Lillie E. Calloway, made, executed and delivered the note and mortgage sued upon by [BANA] and that [BANA] has cured any standing defects and established that it has standing to bring this action.

Journal Entry of Judgment, DE 6-4, at 4.  On that basis, the court enforced the note and mortgage by entering a lien against the property and a judgment against the Calloways, both individually and as trustees of the Calloway Trust.  Journal Entry of Judgment, DE 6-4, at 5.  BANA's standing and the validity of the note were both necessary to the judgment and apparent on its face.  That judgment is final and binding on the Calloways and their Trust.

The Calloways' quiet-title action raised identical issues, collaterally attacking the prior state judgment by arguing that BANA "has yet to demonstrate that it owns the loan associated with the property . . . and it cannot prove that it has standing to sue."  Compl. Quiet Title, DE 1-3, at 4.  The Calloways simply recast their defenses from the foreclosure action as offensive claims to quiet title.  But the state court

already decided these issues when it acknowledged the validity of the loan documents and BANA's standing to enforce them through foreclosure. Journal Entry of Judgment, DE 6-4, at 4.

### C. The Prior Foreclosure Judgment Required the District Court to Dismiss the Calloways' Repackaged Claims.

Facing claims coextensive with those already raised and adjudicated in the state foreclosure action, the district court correctly held "that the claims and issues raised in [the Calloways'] Complaint to Quiet Title are barred under the principles of claim and issue preclusion." Order, DE 17, at 4. The district court quoted and cited relevant passages from the state court decisions and granted Defendants' motion to dismiss. Order, DE 17, at 3–4.

Rather than addressing the district court's preclusion holding, the Calloways continue to argue the merits of the foreclosure action in their appellate brief. *See e.g.*, Calloways' Br. at 33–34 ("The Defendants have failed to demonstrate its (sic) entitlement to any form of relief in this matter . . . ."). But this is precisely the type of redundant inquiry that issue and claim preclusion prohibit. The state judgment is correct, but even if it were not, it would still be final and binding on the Calloways.

## III. The District Court Exercised Proper Discretion In Denying the Calloways' Post-judgment Motions

Finally, the Calloways challenge the district court's denial of their post-judgment motions. As the district court explained, however, the Calloways' post-

12

judgment motions merely reargued theories that had already been rejected by the district court and the state court. The district court acted well within its discretion in denying the post-judgment motions.

This Court has observed that a motion to reconsider should not be granted "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court should only consider granting a motion to reconsider if presented with "extraordinary circumstances" such as "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct error or prevent manifest injustice." *Id.*

The district court did not abuse its discretion in denying the Calloways' post-judgment motions because they presented arguments that had already been rejected by the district court. The district court considered and rejected the Calloways' post-judgment filings and found "no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice." Order Denying Mot. Reconsider, DE 27, at 2. The district court further explained that it had properly limited its review to the pleadings and "matters of public record" when considering the motion to dismiss and that the Calloways had both "an adequate opportunity to address the removal of this action from state

13

court and an adequate opportunity to address the merits of [the] motion to dismiss."
Order Denying Mot. Reconsider, DE 27, at 2–3.

In their appellate brief, the Calloways again try to relitigate the issues decided by the state court rather than address the factors that control the availability of post-judgment relief. Calloways' Br. at 40. The Calloways present only unsupported and unexplained conclusory statements that the district court "failed to conduct proper fact-finding" and "wrongfully construed inferences against [them]" to suggest that the district court abused its discretion. *Id.* They clearly disagree with the district court's decision, but they fail to show any abuse of discretion in the district court's rejection of their arguments that the state court and the district court had already considered and rejected.

## CONCLUSION

The district court had jurisdiction over this properly removed case. It patiently, clearly, and correctly determined that the Calloways' claims were coextensive with those already resolved by the Oklahoma court. This Court should therefore affirm the district court's judgment dismissing the Calloways' claims.

Respectfully submitted,

/s/ Edmund S. Sauer

Marc James Ayers
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521-8598
mayers@babc.com

*Counsel for Appellees*

Edmund S. Sauer
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 32703
(615) 252-2374
esauer@babc.com

*Counsel for Appellees*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 28.1(e)(2)(B) and 32(a)(7),

I certify that this brief complies with the applicable type-volume limitation.

According to the word count in Microsoft Word, there are 2827 words in this brief.

/s/ Edmund S. Sauer

*Counsel for Appellees*

## CERTIFICATE OF DIGITAL SUBMISSION
## AND PRIVACY REDACTIONS

Pursuant to Federal Rule of Appellate Procedure 25(a)(5) and Tenth Circuit Rule 25.5, I certify that this brief complies with the applicable privacy and redaction requirements.  I certify that the hard copies of this brief to be submitted to the Court are exact copies of the version submitted electronically.  I certify that the electronic submission of this brief was scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Edmund S. Sauer

*Counsel for Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

NONE

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Michael L. Calloway, Sr.
P.O. Box 2031
Edmond, OK 73083

/s/ Edmund S. Sauer

*Counsel for Appellees*

17

# EXHIBIT 1

Appellate Case: 15-6176   Document: 01019567424   Date Filed: 02/08/2016   Page: 26

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL L. AND LILLIE E. CALLOWAY REVOCABLE TRUST, and MICHAEL L. CALLOWAY and LILLIE E. CALLOWAY (trustee) of the MICHAEL L. AND LILLIE E. CALLOWAY REVOCABLE TRUST,<br><br>       Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, L.P., f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P., and BofA MERRILL LYNCH ASSETS HOLDINGS,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-15-68-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

Before the Court is defendants' Motion to Dismiss, filed January 28, 2015. On February 18, 2015, plaintiffs filed their response, and on February 26, 2015, defendants filed their reply.

On July 18, 2008, Michael L. Calloway and Lillie E. Calloway took out a mortgage loan in the amount of $350,000, which was secured by real property located at 19445 Sportmen's Road, Edmond, Oklahoma ("Property"). Mr. and Mrs. Calloway subsequently defaulted on the mortgage loan. On September 14, 2011, defendant Bank of America, N.A. ("BANA")[1] commenced a foreclosure action in the District Court of Oklahoma County ("Foreclosure Action"). On April 12, 2013, the state court entered a foreclosure judgment against the Property ("Foreclosure Judgment").

---

[1]BANA is the successor by merger to defendant BAC Home Loan Servicing, LLC, f/k/a Countrywide Home Loan Servicing, L.P.

Plaintiffs subsequently filed numerous motions seeking relief from the Foreclosure Judgment and the sale of the Property, all of which were ultimately denied by the state court.  On September 11, 2014, BANA purchased the Property at a foreclosure sale.  On December 4, 2014, the foreclosure sale was confirmed by the state court.

On December 12, 2014, plaintiffs filed a Complaint to Quiet Title in the District Court of Oklahoma County, seeking to quiet title to the Property.  In their Complaint to Quiet Title, plaintiffs assert that defendants lacked standing to bring the Foreclosure Action and that the note and mortgage had been canceled and never reinstated.  On January 21, 2015, defendants removed this quiet title action to this Court.  Defendants now move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiffs' Complaint to Quiet Title.

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Defendants assert that plaintiffs' Complaint to Quiet Title should be dismissed because the issues and claims raised in plaintiffs' complaint are barred under the principles of claim and issue preclusion.  Specifically, defendants assert that plaintiffs are barred from seeking to relitigate the issues and claims that were adjudicated, along with the issues that could have been adjudicated, in the Foreclosure Action.

The preclusive effect of the Foreclosure Action to the claims in this case is governed by Oklahoma law.  *See Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007).  Under Oklahoma law, claim preclusion, also known as res judicata, "bars the parties (or their privies) from relitigating not only the adjudicated claim, but also any theories or issues that were actually decided together with those which could have been decided in that action." *McDaneld v. Lynn Hickey Dodge, Inc.*, 979 P.2d 252, 255-56 (Okla. 1999) (citations and emphasis omitted).  Under Oklahoma law, issue preclusion, also known as collateral estoppel, provides: "once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim." *Okla. Dept. of Public Safety v. McCrady*, 176 P.3d 1194, 1199 (Okla. 2007) (citations omitted).

In their Complaint to Quiet Title, plaintiffs seek to quiet title to the Property based upon defendants' alleged lack of standing in the Foreclosure Action and the fact that the note and mortgage were allegedly cancelled.  Having carefully reviewed the court filings in the Foreclosure Action, the Court finds that both the issue of standing and the alleged cancellation of the note and mortgage were raised and adjudicated in the Foreclosure Action.  In the state court's April 12, 2013 Journal Entry of Judgment, the state court found that BANA "has cured any standing defects and established it has standing to bring this action".  April 12, 2013 Journal Entry of Judgment in Case

No. CJ-2010-7513 at 3, attached as Exhibit 4 to defendants' Motion to Dismiss.  Additionally, in

their Emergency Request for Permanent Injunction and Order to Set-Aside and Vacate Sheriff's Sale

and Objection to Renewed Confirmation of Sale for Lack of Jurisdiction, Fraud, Suborn Perjury,

Perjury, and Professionalism, plaintiffs specifically raised the issue of the alleged cancellation of

the note and mortgage.  The state court denied plaintiffs' emergency request.  *See* Order on

December 4, 2014 Hearing in Case No. CJ-2010-7513, attached as Exhibit 9 to defendants' Motion

to Dismiss.  Accordingly, the Court finds that the claims and issues raised in plaintiffs' Complaint

to Quiet Title are barred under the principles of claim and issue preclusion.

The Court, therefore, GRANTS defendants' Motion to Dismiss [docket no. 6] and

DISMISSES this action.

**IT IS SO ORDERED this 15th day of June, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

EXHIBIT 2

Appellate Case: 15-6176   Document: 01019567424   Date Filed: 02/08/2016   Page: 31

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL L. AND LILLIE E. | ) | |
| CALLOWAY REVOCABLE TRUST, and | ) | |
| MICHAEL L. CALLOWAY and LILLIE | ) | |
| E. CALLOWAY (trustee) of the | ) | |
| MICHAEL L. AND LILLIE E. | ) | |
| CALLOWAY REVOCABLE TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-68-M |
| | ) | |
| BANK OF AMERICA CORPORATION, | ) | |
| BANK OF AMERICA, N.A., | ) | |
| BAC HOME LOANS SERVICING, L.P., | ) | |
| f/k/a COUNTRYWIDE HOME LOANS | ) | |
| SERVICING, L.P., and | ) | |
| BofA MERRILL LYNCH ASSETS | ) | |
| HOLDINGS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are plaintiffs' Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss, plaintiffs' Amended Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss, and plaintiffs' Second Amended Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss. Defendants have filed their response, and plaintiffs have filed their reply. Also before the Court are plaintiffs' motions for evidentiary hearing.

Plaintiffs move the Court to hold an evidentiary hearing regarding their motions to reconsider. Plaintiffs assert that an evidentiary hearing would better give this Court the information it would need to make an appropriate ruling on the motions to reconsider. Having carefully

reviewed the parties' submissions, the Court finds that it has all of the information needed to rule on the motions to reconsider and an evidentiary hearing is not necessary in this case.

Plaintiffs also move this Court to reconsider and/or vacate its June 15, 2015 order granting defendants' motion to dismiss and dismissing this action. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed plaintiff's motion, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. The Court further finds it did not misapprehend the facts, it did not misapprehend plaintiffs' position, and it did not misapprehend the controlling law. In their motions, plaintiffs simply reassert arguments made in their response to the motion to dismiss and advance arguments that could have been raised in their response. Additionally, the Court finds it did not improperly convert defendants' motion to dismiss into a motion for summary judgment by considering the court filings in the underlying foreclosure action. *See Erikson v. Farmers Grp., Inc.*, 151 F. App'x 672, 675 (10th Cir. 2005) ("matters of public record [such as prior court proceedings] are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss."). Finally,

Appellate Case: 15-6176   Document: 01019567424   Date Filed: 02/08/2016   Page: 33

the Court finds that plaintiffs had an adequate opportunity to address the removal of this action from state court and an adequate opportunity to address the merits of defendants' motion to dismiss.

Accordingly, the Court DENIES plaintiffs' motions for evidentiary hearing [docket nos. 25 and 26], plaintiffs' Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss [docket no. 19], plaintiffs' Amended Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss [docket no. 20], and plaintiffs' Second Amended Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss [docket no. 21].

**IT IS SO ORDERED this 9th day of September, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE